{¶ 1} On July 29, 2009, Judge John Adams of the United States District Court, Northern District of Ohio, Eastern Division, certified the following question of state law to this court: “Is there a post-conviction or other forum to litigate the issue of whether Ohio’s lethal injection protocol is constitutional under Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), or under Ohio law?” The district court recertified the question to us on September 3, 2009, due to an inadvertent failure to provide notice of the original order to the parties. We accepted the question for review. 123 Ohio St.3d 1420, 2009-Ohio-5340, 914 N.E.2d 1062. On September 14, 2010, we heard oral argument from the petitioner. The respondent forfeited his argument by not filing a merit brief.
{¶ 2} There are several established methods for an Ohio death-penalty defendant to receive state review of his or her case. These methods, created by the legislature, are clear in their application to death-penalty defendants. See Section 2(B)(2)(c), Article IV, Ohio Constitution (direct appeal of death-penalty case to this court); R.C. 2953.21 (postconviction-relief procedure for persons convicted of crimes, including those sentenced to death); and R.C. 2725.01 (state habeas corpus petition). Additionally, we allow a death-penalty defendant to file an application to reopen his or her appeal in the courts of appeals and in this court under App.R. 26(B). See, e.g., State v. Ketterer, 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650.
{¶ 3} We have held that these opportunities for review more than satisfy defendants’ “constitutional rights to due process and fair trials” while also protecting Ohio’s “inherent power to impose finality on its judgments.” State v. Steffen (1994), 70 Ohio St.3d 399, 407, 412, 639 N.E.2d 67.
{¶ 4} The Ohio General Assembly has not yet provided an Ohio-law cause of action for Ohio courts to process challenges to a lethal-injection protocol, and given the review available on this issue through Section 1983, Title 42, U.S.Code, for injunctive relief against appropriate officers or federal habeas corpus petitions, we need not judicially craft a separate method of review under Ohio law. Accordingly, until the General Assembly explicitly expands state review of death-penalty cases by creating a methodology for reviewing Ohio’s lethal-injection protocol, we must answer the certified question as follows: There is no state postconviction relief or other state-law mode of action to litigate the issue of *319 whether a specific lethal-injection protocol is constitutional under Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420, or under Ohio law.
So answered.
Lundberg Stratton, O’Donnell, Lanzinger, and Cupp, JJ., concur.
O’Connor, J., concurs separately.
Brown, C.J., and Pfeifer, J., dissent.
David L. Doughten and Jeffrey J. Helmick, for petitioner.